UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| Jeffrey Munafo | ) | |
| 36 French Road | ) | |
| Epping, NH 03042 | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. |
| | ) | |
| Hannah S. Alessi | ) | |
| 10B Buffalo Lane | ) | |
| York, ME 03909 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| William M. Lambert | ) | |
| 155 Cleaves Street | ) | |
| Biddeford, ME 04005 | ) | |
| | ) | |
| Pave-Tek, Corp. | ) | |
| 31 Stilphens Way | ) | |
| Arundel, ME 04046 | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT AND JURY DEMAND

### PARTIES

1.     Plaintiff Jeffrey Munafo ("Munafo") is an individual residing at 36 French Road, Epping, New Hampshire.

2.     Defendant Hannah S. Alessi ("Alessi") is an individual residing at 10B Buffalo Lane, York, Maine.

3.     Defendant William M. Lambert ("Lambert") is an individual residing at 155 Cleaves Street, Biddeford, Maine.

4.     At all times relevant hereto, Defendant Lambert was employed by, and was an agent, servant and/or employee of defendant Pave-Tek Corp.

5.     Defendant Pave-Tek Corp. ("Pave-Tek") is a corporation registered in Maine with a principal address at 31 Stilphens Way, Arundel, Maine.

<u>JURISDICTION AND VENUE</u>

6.     The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiffs and defendant are citizens of different states and the amount in controversy exceeds the sum of Seventy-five Thousand and00/100 Dollars ($75,000.00), exclusive of interest and costs.

7.     Venue is properly made in this District pursuant to 28 U.S.C. §1391.

<u>FACTUAL ALLEGATIONS</u>

8.     On or about October 13, 2016, plaintiff Jeffrey Munafo was stopped in traffic on Route 1 north at the intersection of Spur Road in York, Maine.

9.     He was the first car in the inside left turn lane at the intersection.

10.     Defendant Alessi was traveling east on Spur Road.

11.     Defendant Lambert was traveling south on Route 1 operating a F9400 dump truck owned by defendant Pave-Tek.

12.     Defendants Pave-Tek and Lambert knew or should have known that the brakes on this truck were defective and/or not operating properly and that because of this the truck should not have been operating on the roadways.

13.     Despite this knowledge, the truck was being used ***and*** was carrying a full load of crushed stone base.

14.     Defendant Alessi entered the intersection apparently to take a left onto Route 1 north.

2

15.     She drove her vehicle in front of the lane of travel for the Pave-Tek truck.

16.     At least one witness driving south on Route 1 approaching the intersection next to and at the same time as the Pave-Tek truck observed that the traffic light as the Pave-Tek truck approached the intersection was red.

17.     Defendant Lambert swerved the truck to avoid Defendant Alessi.

18.     Upon information and belief, he also tried to brake but the brakes were not operating properly.

19.     The swerving action combined with the inoperable and malfunctioning brakes caused Lambert to lose control of the Pave-Tek truck.

20.     As this happened, the payload in the truck shifted further causing the truck to careen out of control.

21.     Mr. Munafo observed all of this happening.

22.     There was nothing, however, that he could do to avoid being crushed.

23.     The Pave-Tek truck struck Mr. Munafo's car.

24.     It dragged Mr. Munafo and his car approximately 34 feet backwards into another vehicle that also was stopped in traffic.

25.     As impact occurred, the truck's payload began burying Mr. Munafo alive.

26.     He did everything he could to disburse the gravel from in front of his face and around his head just so that he had an air pocket to breathe.

27.     Witnesses to the accident and emergency responders tried to help.

28.     The responders had to extricate Mr. Munafo from the vehicle using the jaws-of-life.

29.     Following the accident, the Maine State Police examined the Pave-Tek truck and confirmed that five (5) out of eight (8) brakes on the vehicle were not working

30.     Police cited defendant Alessi for operating on an intermediate license using a cell phone and failing to stop at a red light.

31.     Both defendants Alessi and defendant Lambert failed to pay sufficient attention and/or failed to operate their vehicles in an safe and reasonable manner such that the could avoid colliding with and injuring Mr. Munafo.

32.     Defendant Pave-Tek knew or should have known that its vehicle was not operating properly, was not maintained properly, should not be operated on public roadways in its condition, and was likely to cause accident or injury given its condition.

33.     As a direct and proximate result of the collision, plaintiff sustained serious and permanent injuries, experienced pain and suffering, lost wages, lost income, incurred past and present medical expenses associated with the treatment of his injuries, and will require extensive and ongoing medical treatment for the same.

<u>LEGAL CLAIMS</u>

COUNT I
(Negligence- Alessi)

34.     Plaintiff incorporates herein by reference all allegations in the complaint.

35.     Defendant Alessi as the operator of a motor vehicle owed the plaintiff numerous duties of care including, but not limited to, the following duties:

a.      Obey all traffic control devices

b.      Stop at a red light;

c.      Not proceed into an intersection unless it was safe to do so;

d.      Exercise ordinary care for the safety of others while operating the vehicle;

e.      Avoid driving while distracted particularly avoiding driving while operating a

cellphone or texting.

32.     Defendant Alessi breached these duties and her breach of the same proximately

and directly resulted in a collision with another vehicle that resulted in permanent injury to the

plaintiff.

33.     As a direct and proximate result of defendant's breach of the duties she owed, Mr.

Munafo suffered and continues to suffer, now and into the future, serious physical and emotional

injury and pain for which he is entitled to and hereby demands all available damages by statute

and at common law including, but not limited to, compensation for pain, suffering, medical bills,

treatment, loss of use, loss of income, and all other available damages including consequential,

incidental, attorneys fees, enhanced compensatory, and punitive damages (as applicable) all

within the jurisdictional limit of this Court.

## COUNT II
(Negligence- Lambert)

36.     Plaintiff incorporates herein by reference all allegations in the complaint.

37.     Defendant Lambert as the operator a commercial truck on public roads owed

numerous duties of care to the plaintiff including, but not limited to, the following duties:

a.      Ensure that the truck he operated was safe to do so;

b.      Ensure that all safety components/devices/parts on the truck, including brakes,

were maintained, repaired, and operating properly;

c.      Avoid operating the truck at a time when he knew or should have known that the

brakes were not operating properly;

5

d.     Exercise ordinary care for the safety of others while operating the vehicle;

e.     Operate the commercial vehicle in a manner that allowed him to avoid impacting another vehicle;

f.     Avoid operating the commercial vehicle in a manner that caused it to collide with and tip over its payload onto the plaintiff's vehicle;

g.     Use measures when trying to avoid impacting another vehicle that did not cause the truck to tip over onto another vehicle;

h.     Obey all traffic control devices;

i.     Pay attention to traffic, maintain a proper lookout, and pay full time and attention to the operation of his vehicle and avoid a collision.

34.     Defendant Lambert's breach of these duties of care proximately and directly resulted in a collision with another vehicle and resulted in permanent injury to Mr. Munafo.

35.     As a direct and proximate result of defendant's breach of the duties he owed, Mr. Munafo suffered and continues to suffer, now and into the future, serious physical and emotional injury and pain for which he is entitled to and hereby demands all available damages by statute and at common law including, but not limited to, compensation for pain, suffering, medical bills, treatment, loss of use, loss of income, and all other available damages including consequential, incidental, attorneys fees, enhanced compensatory, and punitive damages (as applicable) all within the jurisdictional limit of this Court.

COUNT III
(Negligence Pave-Tek)

36.     Plaintiff incorporates herein by reference all allegations in the complaint.

37.     At all times relevant hereto, Defendant Lambert was employed by, and was an agent, servant, and/or employee of defendant Pave-Tek that through the principle of *respondeat superior* is liable for the injury, damage, and harm that its agent, Mr. Lambert caused

38.     Defendant Lambert also is liable directly to the plaintiff based on its breach of various duties of care that it owed to him including, but not limited to, the following duties:

a.     Ensure that all safety components/devices/parts on the Pave-Tek truck, including brakes, were maintained, repaired, and operating properly;

b.     Prevent operation of the truck on public roadways when it knew or should have known that the brakes were not operating properly;

c.     Supervise and train its agents and employees about *not* using the truck when the brakes were not functioning;

d.     Supervise, educate, and train it agents who used its vehicles in proper accident avoidance measures;

e.     Supervise, educate, and train its agents to obey all traffic control devices;

f.     Supervise, educate, and train its agents to operate its vehicles to keep a proper lookout, pay full time and attention to the operation of its vehicle, and operate the vehicle in a manner that allows the operator to avoid losing control of the truck, colliding with another vehicle, and dumping its payload.

39.     Defendant Pave-Tek's breach of these duties of care proximately and directly resulted in its vehicle causing permanent injury to Mr. Munafo.

40.     As a direct and proximate result of defendant's breach of the duties it owed, Mr. Munafo suffered and continues to suffer, now and into the future, serious physical and emotional injury and pain for which he is entitled to and hereby demands all available damages by statute

and at common law including, but not limited to, compensation for pain, suffering, medical bills, treatment, loss of use, loss of income, and all other available damages including consequential, incidental, attorneys fees, enhanced compensatory, and punitive damages (as applicable) all within the jurisdictional limit of this Court.

## JURY DEMAND

41.     The plaintiff requests a jury trial as to all Counts herein.

Respectfully submitted

JEFFREY MUNAFO

By and through his attorneys,


/s/ Thomas F. Hallett, Esq.
Thomas F. Hallett, Esq., Bar No. 3142
HALLETT, ZERILLO & WHIPPLE, P.A.
6 City Center, Ste. 208
P.O. Box 7508
Portland, Maine 04112-7508
(207) 775-4255


OF COUNSEL

John P. Sherman, Esq.
Sherman Law PLLC
155 Fleet Street
Portsmouth, NH 03801
(603) 570-4837
jsherman@johnshermanlaw.com